# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. SANFORD, | )  Case No. CV 13-06333-JEM |
| Plaintiff, | ) |
| | )  MEMORANDUM OPINION AND ORDER |
| v. | )  REVERSING DECISION OF THE |
| | )  COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| ———————————————————— | ) |

## PROCEEDINGS

On September 3, 2013, John B. Sanford ("Plaintiff" or "Claimant") filed a complaint seeking review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits.  The Commissioner filed an Answer on December 5, 2013.  On April 9, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

**BACKGROUND**

Plaintiff is a 37-year-old male who applied for Social Security Disability Insurance benefits on June 3, 2010, alleging disability beginning March 11, 2009.  (AR 23, 136.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 11, 2009, the alleged onset date.  (AR 25.)

Plaintiff's claim was denied initially on October 28, 2010, and on reconsideration on March 4, 2011.  (AR 23.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph P. Lisiecki, III on October 27, 2011, in Orange, California.  (AR 23.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 23.)  Medical expert ("ME") Dr. Steven B. Gerber and vocational expert ("VE") Kelly Winn-Boaitey also appeared and testified at the hearing. (AR 23.)

The ALJ issued an unfavorable decision on November 18, 2011.  (AR 23-31.)  The Appeals Council denied review on July 2, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.   Whether the ALJ erred in assessing the opinions/findings of Plaintiff's treating, examining, and/or reviewing physicians, and whether this resulted in an incomplete hypothetical question to the vocational consultant.

2.   Whether the ALJ erred in his evaluation of Plaintiff's credibility and subjective symptoms.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 11, 2009, the alleged onset date.  (AR 25.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: Crohn's colitis and bilateral avascular necrosis (20 C.F.R. § 404.1520(c)).  (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 26.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in C.F.R. § 404.1567(a) with the following limitations:

> Claimant is limited to lifting or carrying fifteen pounds occasionally and ten pounds frequently; Claimant is limited to standing or walking for a total of two hours in an eight hour workday; and Claimant is limited to sitting for a total of six hours in an eight hour workday.  In addition, Claimant is able to occasionally engage in balancing, stooping, kneeling, crouching, and climbing of ramps and scaffolds.  Finally, Claimant must avoid all exposure to workplace hazards such as machinery and heights.

(AR 26-29.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 29.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a construction equipment mechanic.  (AR 29.)  The ALJ, however, also found that considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the sedentary unskilled jobs of telephone information clerk and charge account clerk.  (AR 30, 59-60.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act.  (AR 30.)

## DISCUSSION

### I.    THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ decision must be reversed.  The ALJ's RFC is not supported by substantial evidence, and the ALJ failed to develop the record fully.  The ALJ's nondisability determination is not supported by substantial evidence nor free of legal error.

Although the ALJ's findings generally are supported by substantial evidence, there is an error in the opinion that requires reversal.  Plaintiff John B. Sanford has the medically severe impairments of Crohn's colitis and bilateral avascular necrosis.  (AR 25.)  In March of 2009, he was diagnosed with Crohn's colitis and underwent a colostomy to remove his colon, and now must wear a colostomy bag.  (AR 27, 378-379.) Claimant's colitis stabilized following the surgery.  (AR 27.)  His principal complaint is that he has to make frequent trips to the restroom to change or evacuate his colostomy bag.  (AR 27.)  He testified at the hearing that he would need to take five to seven bathroom breaks a day of ten minutes each.  (AR 48.)  The VE testified that there is no work that Plaintiff could perform with such a limitation.  (AR 63.)

The ALJ's RFC does not contain any limitation regarding the time lost during each workday due to the number of times Plaintiff has to change his colostomy bag.  The ALJ relied on the medical expert's testimony that "usually" the use of a colostomy bag does not create any additional functional limitations.  (AR 43.)  This statement occurred before Plaintiff's testimony about the need for five to seven bathroom breaks a day and does not appear to have considered it.  The medical expert's testimony is inconclusive and insufficient to reject the limitation asserted by Plaintiff.  The record on Plaintiff's asserted limitation is simply not developed adequately.  Thus, the ALJ's decision must be reversed and remanded for additional proceedings.

**A.      Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms.  See SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition.  Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining

professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    Analysis**

1.    <u>Need For Assistive Device</u>

During his treatment for colitis, Mr. Sanford was placed on a steroid treatment regimen which caused avascular necrosis of the hips, bilaterally.  (AR 28.)  An MRI of the pelvis revealed mild left hip joint effusion, sclerosis in the left femoral head with an area of collapse and the presence of edema in the left femoral head.  (AR 28.)  X-rays did not reveal any fractures or dislocations.  (AR 28.)  An orthopedic consulting examiner, Dr. Anh Tat Hoang, found moderate tenderness in his hip joint and limited Claimant to a light exertional RFC, sitting for six hours and standing/walking four hours in an eight hour workday.  (AR 28, 456-459.)  State agency reviewing physicians, however, assessed a sedentary RFC with occasional on all posturals and no heights, hazards, ladders or scaffolding, as did Dr. Gerber.  (AR 42-43.)  The ALJ adopted the latter RFC.  (AR 26.)

Claimant appeared for his exam with Dr. Hoang on two crutches for ambulation (AR 28, 457) and Dr. Hoang's report states, "A cane is medically necessary for ambulation."  (AR 459.)  Two State agency physicians opined Plaintiff needed a cane for

1  "prolonged ambulation." (AR 461, 498.)  Plaintiff asserts error because the ALJ's RFC

2  and hypothetical to the VE contain no limitation requiring a cane for ambulation.

3  Plaintiff's contention lacks merit.

4         The ALJ found that during the hearing the Claimant stated that, although he does

5  use crutches occasionally, he generally does not need or use ambulatory devices.  (AR

6  28.)  The ALJ found Claimant was able to walk with only a slight limp favoring his left

7  extremity.  (AR 28, 459.)  More specifically, Plaintiff stated the following at the hearing:

8              Q.    Okay - - do you use a cane?  Have you used a cane in the

9                    past?

10             A.    I have been on crutches on and off ever since my hip

11                   problems.  It just kind of varies.  Generally, I don't use

12                   them.  I do occasionally when I have a real bad day.

13             Q.    Okay.

14             A.    I use crutches.  But it's pretty rare.

15  (AR 48-49.)  (Emphasis added.)  Based on Plaintiff's own testimony, the ALJ's decision

16  to reject physician RFC assessments requiring a cane, and not include such a limitation

17  in his RFC or in his hypothetical to the VE, was reasonable. The ALJ rejected Plaintiff's

18  assertion that he needs a cane based on his inconsistent statements at the hearing.

19  Light v. Comm'r of Soc. Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997) (in weighing a

20  claimant's credibility, an ALJ may consider "inconsistencies in his testimony or between

21  his testimony and conduct").  An ALJ may reject a physician's opinion based on

22  discredited subjective symptoms, as was done here.  Tonapetyan v. Halter, 242 F.3d

23  1144, 1149 (9th Cir. 2001).

24         Plaintiff disputes the ALJ's interpretation of the evidence but it is the ALJ who has

25  the responsibility for resolving conflicts in the evidence.  Andrews, 53 F.3d at 1039.

26  Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not

27  be second-guessed.  Rollins v. Massanari, 264 F.3d 853, 857 (9th Cir. 2001).

28

2.   <u>Bathroom Breaks</u>

Plaintiff also contends that the ALJ erred in not including in his RFC the time lost at work because of frequent breaks to change or evacuate his colostomy bag.  The Court agrees that the ALJ's RFC is not supported by substantial evidence to justify omission of this limitation and that the ALJ failed to develop the record adequately.

The ALJ acknowledged Plaintiff's contention that he must make frequent trips to the restroom because of his colostomy bag.  (AR 27.)  At the hearing, Claimant was asked why he cannot work and responded as follows:

> I'm pretty limited as to what I would be able to do because of the
> sitting and standing, but I'd say the biggest thing would be holding a
> job due to bathroom trips.  I mean, an average day for me is five to
> seven bathroom trips probably lasting ten minutes plus . . .

(AR 48.)

Plaintiff's attorney then asked the VE whether there would be any work Plaintiff could perform if he needed a job that would require restroom breaks "no less than five times a day, and no more than seven, with ten minutes at each break."  (AR 63.)  The VE's response was, "There wouldn't be any work."  (AR 63.)  The VE explained that Claimant would be "away from their workstation for anywhere from a half-hour to an hour more than regular breaks."  (AR 63.)

The ALJ, however, assessed no limitation in his RFC for restroom breaks to empty his colostomy bag (AR 26) and the ALJ's hypothetical question to the VE contained no limitation in the RFC for unscheduled bathroom breaks.  (AR 58-59.)  The ALJ relied exclusively on the opinion of Dr. Gerber, the medical expert, who opined that the use of a colostomy bag "<u>usually</u> doesn't create any additional functional limitations beyond those to which I have testified."  (AR 43.)  (Emphasis added.)  The ALJ somewhat misstates and overstates Dr. Gerber's testimony by finding that he "opined that the use of such device would not cause the Claimant to experience any additional functional limitations."  (AR 28.)  On cross-examination, moreover, Dr. Gerber admitted that

Plaintiff has no control over his bowel functions (AR 43) and, when asked if the passive emptying of the intestinal contents would occur constantly, he stated, "It can.  Yes."  (AR 43-44.)  This statement provides a medical basis for Plaintiff's testimony.

Dr. Gerber's testimony, as it stands, is insufficient to overcome the combined testimony of Plaintiff that he would require five to seven bathroom breaks a day of ten minutes each and the VE's testimony that such a limitation would preclude all work.  Dr. Gerber's statement was a generalization that use of a colostomy bag "usually" does not create any additional functional limitations.  Dr. Gerber made that comment and presented his RFC before Plaintiff gave his testimony about the number of bathroom breaks needed and before the VE opined there would be no work for the number of breaks Plaintiff claimed he would need.  Plaintiff contends that Dr. Gerber never even heard either Plaintiff's testimony or the VE's testimony, as Dr. Gerber testified by phone and disconnected after his testimony, but Plaintiff offers no citation to the record to support this assertion and the Court finds nothing in the record to verify the assertion.  Nonetheless, the Court is not satisfied that Dr. Gerber considered how the number of bathroom breaks <u>this</u> plaintiff requires might impact the RFC that was assessed.  Dr. Gerber's RFC relies on a generalization that a colostomy bag "usually" does not require additional functional limitations rather than what limitations this particular plaintiff would require.  The Court, moreover, does not read Dr. Gerber's testimony to be saying that Plaintiff's testimony is false or unbelievable.  Therefore, because he did not consider Plaintiff's testimony, Dr. Gerber's opinion is inconclusive and insufficient as a basis for disregarding or rejecting Plaintiff's testimony about the number of breaks needed, for omitting any limitation regarding bathroom breaks and for rejecting the VE's opinion that all work is precluded.  <u>Batson v. Commissioner of Soc. Sec. Adm.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004) (physician's opinion may be rejected when "unsupported by the record as a whole"); <u>Thomas</u>, 278 F.3d at 987 (physician's opinion may be rejected when inconsistent with "other evidence of record").

Both the ALJ and the Commissioner mistakenly rely on the medical evidence for their determination of nondisability.  They note that no treating physician provided a medical source statement indicating disability (AR 27) and that State agency physicians and Dr. Gerber found Plaintiff capable of sedentary work with some postural and environmental limitations.  (AR 28.)  The medical evidence, however, predates Plaintiff's testimony at the hearing that he needs five to seven restroom breaks a day of ten minutes each.  The medical evidence did not and could not consider Plaintiff's testimony.  The physician RFCs also did not and could not consider the limitation asserted by Plaintiff, discuss it or offer any basis for excluding it from their RFCs.  The ALJ erred in relying on this uninformed medical evidence that failed to address Plaintiff's testimony or to include an appropriate limitation in their RFCs.  Batson, 359 F.3d at 1195; Thomas, 278 F.3d at 957.

Also, the ALJ's adverse credibility determination is of little relevance here.  The ALJ discounted Plaintiff's credibility on the basis of the medical evidence, which as noted above did not consider Plaintiff's testimony.  The ALJ also discounted Plaintiff's testimony because of inconsistent daily activities that appear to relate to his hip issues and have little to do with Plaintiff's need for bathroom breaks.  The ALJ does not directly challenge Plaintiff's veracity or credibility on the number of bathroom breaks needed other than to cite Dr. Gerber's opinion which the Court has found to be an insufficient basis for rejecting a limitation for bathroom breaks.

The Court, however, is not reaching a determination that Plaintiff is disabled, only that the record is ambiguous and not fully developed.  In Social Security cases, the ALJ has special independent duty to develop the record fully and fairly to assure the claimant's interests are considered.  Tonapetyan, 242 F.3d at 1150; Smolen, 80 F.3d at 1288.  Ambiguous evidence or the ALJ's own finding that the record is adequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to

them, continuing the hearing or keeping the record open after the hearing to allow

supplementation of the record.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

Here, Plaintiff's testimony that he needed five to seven bathroom breaks a day of

ten minutes each and the VE's testimony that such a limitation would preclude all work

came at the end of the hearing, after the submission of medical evidence and testimony

which did not consider the limitation Plaintiff asserted at the hearing.  The ALJ should

have asked Dr. Gerber (if he was still on the phone as claimed) or recontacted him (if as

Plaintiff contends he already had disconnected) to inquire if five to seven bathroom

breaks was plausible and if so whether his RFC should reflect that limitation.  An ALJ is

required to recontact a doctor if his report is insufficient to make a disability

determination.  Bayliss, 427 F.3d at 1217, citing 20 C.F.R. § 404.1512(e).  The ALJ had

Plaintiff present and could have questioned him to test his credibility and asked him if the

five to seven breaks he requires was for an 8 hour period or all day.  As a result, the

record is ambiguous and inconclusive on whether the ALJ erred by omitting a limitation

for bathroom breaks from his RFC, and from his hypothetical question to the VE.  The

ALJ erred by not developing the record more fully.  Partly because the medical

professionals never had an opportunity to consider Plaintiff's testimony and partly

because Plaintiff's testimony is ambiguous, the Court will remand the case for further

proceedings.  If there exists no basis for challenging Plaintiff's assertion that he needs

five to seven bathroom breaks a day of ten minutes each, the VE's testimony that all

work is precluded would require a determination of disability.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the

Commissioner of Social Security and remanding this case for further proceedings in

accordance with this Memorandum Opinion and Order and with law.


DATED: April 25, 2014                    _____/s/ John E. McDermott_____
                                              JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE

13